9 F.3d 117
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harold GRAHAM, Plaintiff-Appellant,
v.
FRANK GUNTER, Director of Colorado Correctional Department;
Robert Furlong, Warden; Mark McKinna, Past Warden, unknown
past warden, Limon Correctional Facility, X number of
professional employees, employed in position of trust and
responsibility toward inmates contained in described
facilities operated by State of Colorado, under the
statutory created Department of Corrections sub-agency of
State of Colorado, Case Managers assigned to this inmate;
Lt. Nelson, Freemont Correctional Facility; Lt. Murphy;
Lt. Workman, Limon Correctional Facility, defendants in
their official and individual capacities, Defendants-Appellees.
 No. 93-1186.
 United States Court of Appeals
Tenth Circuit.
 Oct. 27, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Graham, a pro se litigant and state inmate, appeals the decision of the district court dismissing his 42 U.S.C.1983 complaint for failure to state a claim.
 
 
 3
 The district court's dismissal for the failure to state a claim is an issue of law we review de novo. Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1551 (10th Cir.1992).
 
 
 4
 Mr. Graham's complaint, like so many pro se complaints, provides us with a laundry list of complaints, some real and some imaginary. In order to give the reader a taste of the complaint's flavor, we note that Mr. Graham alleges he was convicted of non-crimes on the basis of perjured testimony and the State of Colorado is interested in his "early departure" from this life. He asserts the Attorney General of the United States is married to the Attorney General of Colorado and because of this conflict of interest nothing happens. The complaint is lengthy, rambling, and a mass of verbiage.
 
 
 5
 Nevertheless, applying the rule of liberality of construction of pro se complaints, we find Mr. Graham complaining of his "breathing problems" and that he was housed in the prison with a "smoking inmate" as he was unable to "obtain housing with a non-smoking inmate." He alleges the possibility of harm as a result of being "housed" with a smoker (as well as from exposure to numerous other toxic fumes). He further asserts not only deliberate indifference but malice as well.
 
 
 6
 The district court never required service to be made upon defendants and consequently both the district court and this court are handicapped by the lack of defendants' response.
 
 
 7
 The district court concluded the complaint failed to allege how any of the defendants personally participated in the alleged violations and ordered Mr. Graham to clarify his claims in this respect. Mr. Graham responded with assertions of constitutional violations, and numerous wrongful acts but failed to specify what any particular defendant did or did not do. The district court subsequently dismissed the complaint for failure to state a claim against the named defendants.
 
 
 8
 We commence our analysis of this appeal by emphasizing what this case does not involve. In Helling v. McKinney, 113 S.Ct. 2475, 2481 (1993), the Supreme Court held that an Eighth Amendment claim could be predicated on present or future harm arising out of environmental tobacco smoke. This question is not before us as the district court's action was predicated upon the assumption that "[p]ersonal participation is an essential allegation in a 1983" action. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir.1976). We therefore proceed upon the assumption that the question we must answer is whether Mr. Graham properly alleged personal participation by the defendants in his response to the district court's order.
 
 
 9
 As an initial matter, we note the numerous defendants named by Mr. Graham include the director of the Colorado Correctional Department, past and present wardens of the penitentiary where Mr. Graham is housed, case management supervisors, case managers, and many other persons, both known and unknown. All defendants were sued in both their individual and official capacities.
 
 
 10
 Pro se litigants place an enormous burden upon the courts and upon their defendants. The case before us is but one example. Mr. Graham has filed countless pages and documents alleging innumerable grievances. Contained therein exists a facially acceptable cause of action based upon Helling v. McKinney. The district court was correct when it determined the complaint failed to state a cause of action against the named defendants due to the lack of any allegations concerning defendants' personal participation. However, Mr. Graham, in response to the district court's order, did specify: "Defendants have committed battery upon this petitioner ... [by] exposing petitioner to toxic fumes and vapors." This is an allegation that each and every named defendant willfully forced Mr. Graham to be exposed to environmental tobacco smoke. This allegation is sufficient to allege personal participation by defendants. Whether Mr. Graham can prove this allegation remains to be seen.
 
 
 11
 We are not unmindful of the remaining issues created by Mr. Graham's complaint. No doubt defendants will raise these issues to the district court for decision. Neither are we unmindful of the cost and expense to be incurred by those defending. We cannot conclude, solely on the face of the complaint, that the significant allegations are frivolous. We also decline to review the entire complaint de novo at this stage as Mr. Graham would effectively be denied an opportunity to respond.
 
 
 12
 We therefore REVERSE the decision of the district court and conclude Mr. Graham has stated personal participation by all defendants. We REMAND to the district court with instructions to allow service and to conduct such other and further proceeding as may be just and proper.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3